# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEMETRIUS WILLIAMS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CIVIL NO. 09-cv-043-MJR ) |
| NICOLE WALKER, *et al.*, | ) ) ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

Plaintiff Demetrius Williams, a pretrial detainee at the St. Clair County Jail (S.C.C.J.), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). Upon careful review of the

complaint and the supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

## FACTS ALLEGED

At some point between May and June 2008, Williams lived in the infirmary at the S.C.C.J. where he was treated for an arm condition and for an abdominal hernia. Williams alleges that he suffers from a preexisting medical condition that causes him pain in his arms and causes his arms to easily dislocate. Williams requested to remain in the infirmary because of the pain from his arms and hernia.[1]

Williams alleges he submitted both oral and written complaints to Defendant McLaurin (Superintendant/Major at S.C.C.J.) and Defendant Rude-Little (Administrator of the medical unit)[2] informing Defendants of his medical condition and indicating that he did not wish to be in general population for fear that, as a result of his arm condition, he would be unable to defend himself.[3] Williams further alleges he advised the medical staff, Defendant Walker (Nurse) and, presumably, Defendant Rude-Little of his medical condition and that he asked Defendant Walker to allow him to remain in the infirmary. Williams alleges he asked Defendant Cole (Shift Commander) not to

---

[1] While Williams alleges that he was not allowed to stay in the infirmary despite pain, it seems that he is not bringing a claim for deliberate indifference to serious medical needs but, rather, that he is asserting these facts as part of his claim for failure to protect. For this reason, the Court will not consider a claim for deliberate indifference and will only address a claim for failure to protect.

[2] The Court is aware that a person named Jennifer Rude-Little is currently the Administrator of the medical unit at St. Clair County Jail. Williams named unknown Defendant "Jennifer" in his complaint and specified that the Unknown Defendant was the Administrator of the medical unit at the Jail. Later in his complaint, Williams makes allegations against "Rude-Little." Thus, the Court will presume that Unknown Defendant "Jennifer" is Jennifer Rude-Little, and Ms. Rude-Little will be considered a named defendant in this case.

[3] The Court presumes for the purposes of this order that Wiliams submitted the oral and written complaints prior to being attacked, though the chronology is unclear in the pleadings.

take him to general population because he was in pain and because he was in fear of being attacked by fellow inmates who were his "enemies".

Despite Williams's requests, Defendant Cole escorted him to general population. While there, Williams verbally complained to Defendant Browder (Corrections Officer) that he was in immediate danger and needed to be taken out of general population. At some point, Williams pressed the panic button. Thereafter, he was attacked by fellow inmates. Williams alleges that officers responded to the panic alert five or six minutes after he pressed the button and some time after the fellow inmates had attacked him. The attack resulted in swelling of his eye and the back of his head, and swelling and redness in his arm.

While Williams mentions Defendant Justus (Sheriff at S.C.C.J.) in his complaint, he makes no specific factual allegations against him.

## DISCUSSION

In *Farmer v. Brennan*, 511 U.S. 825 (1994), the Supreme Court held that "prison officials have a duty ... to protect prisoners from violence at the hands of other prisoners." *Id.* at 833 (internal citations omitted); *see also Luttrell v. Nickel,* 129 F.3d 933, 935 (7th Cir. 1997). However, not every harm caused by another inmate translates into constitutional liability for the corrections officers responsible for the prisoner's safety. *Farmer,* 511 U.S. at 834. In order for a plaintiff to succeed on a claim for failure to protect, he must show that he is incarcerated under conditions posing a substantial risk of serious harm, and that the defendants acted with "deliberate indifference" to that danger. *Id.; Reed v. McBride,* 178 F.3d 849, 852 (7th Cir. 1999). A plaintiff also must prove that prison officials were aware of a specific, impending, and substantial threat to his safety, often by showing that he complained to prison officials about a *specific* threat to his safety. *Pope v. Shafer,*

86 F.3d 90, 92 (7th Cir. 1996). In other words, Defendants had to know that there was a substantial risk that those who attacked Williams would do so, yet failed to take any action. *Sanville v. McCaughtry,* 266 F.3d 724, 733-34 (7th Cir. 2001).

Williams informed McLaurin and Rude-Little, in writing and verbally that he would be attacked if he was placed in general population and that, when attacked, he would be unable to defend himself. Despite his complaints, McLaurin and Rude-Little allowed Williams to be moved to general population. It is unclear from the complaint whether Williams articulated in those complaints that he was at risk of attack by *specific* inmates. Since it appears from his allegations that McLaurin and Rude-Little had at least some knowledge that Williams was at risk of being attacked, the Court is unable to dismiss this failure to protect claim against McLaurin and Rude-Little at this time.

Williams also informed Defendant Cole that he had enemies in the general population and that he was afraid they would attack him. Despite his requests to be kept out of general population, Defendant Cole escorted him to general population. Since Cole had at least some knowledge that Williams was at risk of attack and was informed of the specific nature of the risk, the Court is unable to dismiss this failure to protect claim against Cole at this time.

Once in general population, Williams expressed to Browder that he was in immediate danger of attack by other inmates. Browder did not remove him from general population at that time. Williams remained in general population until he was attacked by fellow inmates. Since it seems Browder had knowledge of a specific and imminent threat of harm to Williams, the Court is unable to dismiss this failure to protect claim against Browder at this time.

However, Williams makes no factual allegations against Defendant Justus. The reason that

4

Plaintiffs, even those proceeding *pro se*, for whom the Court is required to liberally construe their complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims is so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003) (a "short and plain" statement of the claim suffices under Fed. R. Civ. P. 8 if it notifies the defendant of the principal events upon which the claims are based); *Brokaw v. Mercer County*, 235 F.3d 1000, 1024 (7th Cir. 2000) ("notice pleading requires the plaintiff to allege just enough to put the defendant on notice of facts providing a right to recovery").

Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."). Consequently, this complaint does not put Justus on notice of the particular claim brought against him so that he could respond properly to the complaint. Accordingly, Williams has failed to state a viable claim against Justus, and the complaint against him is **DISMISSED** with prejudice.

Similarly, Williams's only factual allegation against Defendant Walker is that he advised Defendant Walker of his medical condition and asked to remain in the infirmary. Williams does not allege that Walker had knowledge that Williams would be at risk of attack by other inmates if placed in the general population. Accordingly, Williams has failed to state a viable claim against Walker, and the complaint against him is **DISMISSED** with prejudice.

**DISPOSITION**

**IT IS HEREBY ORDERED** that Defendants Walker and Justus are **DISMISSED** with prejudice from this action. Plaintiff is **ADVISED** that, within the Seventh Circuit, dismissal of

these defendants counts as a strike for purposes of § 1915(g). *See George v. Smith,* 507 F.3d 605, 607-08 (7th Cir. 2007); *Boriboune v. Berge,* 391 F.3d 852, 855 (7th Cir. 2004).

**IT IS FURTHER ORDERED** that the Clerk shall **SUBSTITUTE** *Jennifer Rude-Little* for *Defendant Unknown Party "Jennifer, Administrator of the Medical Unit at St. Clair County Jail."*

**IT IS FURTHER ORDERED** that Plaintiff shall complete and submit a USM-285 form for Defendants **MCLAURIN, RUDE-LITTLE, COLE** and **BROWDER** within **THIRTY (30) DAYS** of the date of entry of this Memorandum and Order. The Clerk is **DIRECTED** to send Plaintiff **FOUR (4) USM-285 forms** with Plaintiff's copy of this Memorandum and Order. **Plaintiff is advised that service will not be made on a defendant until Plaintiff submits a properly completed USM-285 form for that defendant.**

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants **MCLAURIN, RUDE-LITTLE, COLE** and **BROWDER**. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants **MCLAURIN, RUDE-LITTLE, COLE** and **BROWDER** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of St. Clair County Jail who no longer can be found at the work address provided by Plaintiff, the County shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from the County pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of

the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is **ADVISED** of his continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED.R.CIV.P. 41(b).

**IT IS SO ORDERED.**

**DATED this 27th day of July, 2009.**

                                              **s/ Michael J. Reagan**
                                              **MICHAEL J. REAGAN**
                                              **United States District Judge**