IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DEMETRIUS WILLIAMS**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. **09-043-MJR-CJP** |
| ) | |
| **PHIL McLAURIN,** ) | |
| **JENNIFER RUDE-LITTLE,** ) | |
| **BRENDA J. COLE, and** ) | |
| **ERIC BROWDER,** ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

**PROUD, Magistrate Judge:**

This Report and Recommendation is respectfully submitted to United States District Judge Michael J. Reagan pursuant to 28 U.S.C. §§636(b)(1)(B) and (C).

Before the Court is defendants' Motion for Involuntary Dismissal. **(Doc. 19)**. Plaintiff has not filed a response, and the time for doing so has now expired. Because the record demonstrates that plaintiff has failed to diligently prosecute his claim, this case should be dismissed.

Plaintiff Demetrius Williams filed this action under 42 U.S.C. §1983 on January 13, 2009. **(Doc. 1)**. The lawsuit concerns events which allegedly occurred while he was a pre-trial detainee at the St. Clair County Jail. The pro se plaintiff was still housed at the St. Clair County Jail at the time he filed suit. However, he is no longer there and he has not supplied the Court or defendants' counsel with his current address.

The only address that the Court has ever had for plaintiff was the St. Clair County Jail. Mail sent to that address by the Court and by defendants' attorney has been returned as undeliverable. **See, Docs. 19, Ex. 1; 20; 27.** Further, the Court has received a letter from the Jail Superintendent stating that plaintiff has not been in the custody of the St. Clair County

1

Sheriff's Department since September 12, 2009.  **See, Doc. 25.**

The Court has had no communication from plaintiff since receipt of the USM-285 forms on August 27, 2009.

The order on preliminary review states "Plaintiff is **ADVISED** of his continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED.R.CIV.P. 41(b)."  **Doc. 6., p. 8.**

The Court scheduled a notice of hearing on defendants' motion for November 23, 2009. The notice and writ were dated October 29, 2009.  **See, Docs. 21, 23.**  Copies of both were sent to plaintiff at the St. Clair County Jail.

The writ clearly states that plaintiff's appearance is mandatory and "failure to appear will result in sanctions, which may include a monetary penalty and/or dismissal of this case." Despite this warning, plaintiff did not appear for the hearing.

The hearing was scheduled to begin at 9:30 a.m. on November 23, 2009.  Defendants' attorney appeared at the appointed hour.  The Court waited for plaintiff until 9:50 a.m.  A record was made by the court reporter.  The Court directed its court security officer to scour the courthouse.  He was unable to find plaintiff.  He also consulted with the officers stationed at all doors of the courthouse, and they reported that no one bearing plaintiff's identification had entered the building.  (All persons entering the courthouse are required to show photo identification at the security checkpoint).

**Fed.R.Civ.P. 16(f)** provides that the Court may sanction a party to failing to appear at a pretrial conference.  **Rule 16(f)** incorporates the sanctions provisions of  **Fed.R.Civ.P.  37(d)**. Thus, it is clear that the Court has the authority to impose sanctions, including dismissal, for failure to appear.

This Court gave Plaintiff the "warning shot" required by *Ball v. City of Chicago*, **2 F.3d 752, 755 (7th Cir. 1993)** in **Docs. 6** and **21**. Plaintiff failed to appear for the hearing as ordered, and has not contacted the Court throughout the day of November 23, 2009. This failure to appear, coupled with plaintiff's failure to keep the Court informed of his whereabouts, demonstrates that plaintiff has lost interest in this litigation and has failed to diligently prosecute his case.

### Recommendation

For the foregoing reasons, this Court recommends that defendants' Motion for Involuntary Dismissal **(Doc. 19)** be **GRANTED** and that plaintiff's complaint be dismissed with prejudice as to all defendants. The motion was filed by defendants Eric Browder, Mearl Justus, Phil McLaurin, Brenda J Cole. Defendant Rude-Little has not filed a motion to dismiss, but, in view of plaintiff's failure to pursue his case, the case should be dismissed as to her as well.

Objections to this Report and Recommendation must be filed on or before **December 11, 2009.**

Date: **November 23, 2009.**

s/ Clifford J. Proud
CLIFFORD J. PROUD
U.S. MAGISTRATE JUDGE