IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DEMETRIUS WILLIAMS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 09-CV-0043-MJR |
| **NICOLE WALKER, MEARL JUSTUS, PHIL MCLARUIN, JENNIFER RUDE-LITTLE, BRENDA J. COLE, AND ERIC BROWDER** ) ) ) ) | |
| ) | |
| Defendants. ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATIONS

**REAGAN, District Judge:**

On January 13, 2009, Plaintiff Williams, a pro se prisoner, filed this suit against the various defendants under 42 U.S.C. § 1983. On October 22, 2009, the defendants in this case moved that the Court dismiss Williams's suit involuntarily for failure to prosecute. (Doc. 19.)

The Honorable Clifford J. Proud, United States Magistrate Judge of this District, reported the motion to the Court on November 23, 2009, recommending that the Court grant the motion to dismiss, with prejudice, for failure to prosecute. (Doc. 31.) Judge Proud made the recommendation because the facts of the case indicated Williams had moved and failed to update his address with the Court within 7 days of moving, which the Court had ordered him to do on pain of dismissal with prejudice (Doc. 6). Any mail sent either by the Court or the parties to Williams had been returned undeliverable since August. Williams also failed to appear at a hearing scheduled by the Court. Granted, Williams's liberty is currently restrained, but the Court duly issued a writ directing his jailer to deliver him to Court for the hearing. The jailer returned that Williams was no longer at the facility that was his registered address with the Court.

According to the docket, Judge Proud's Report was served electronically on the defendants on the day of issuance and by mail on Williams on November 25 by mailing to his last known address. *See* **Fed. R. Civ. P. 77(d)(1) ("Immediately after entering an order or judgment, the clerk must serve notice of the entry, as provided in Rule 5(b), on each party who is not in default for failing to appear."); R. 5(b)(2)(C)**

**(noting that service can be accomplished by "mailing it to the person's last known address—in which event service is complete upon mailing").** Served along with the report was a "NOTICE" informing them of their right to appeal by way of filing objections within ten days of service of the Report.[1] **R. 72(a), 28 U.S.C. app. (2006).** Because each party was served either electronically or by mail and received an extra three days to file objections, **R. 6(e)**, Defendants had until December 11 and Plaintiff had until December 15 to file objections. Neither party has filed objections, rendering review unnecessary. **28 U.S.C. § 636(b) (2006);** *Thomas v. Arn*, **474 U.S. 140, 149–52 (1985);** *Video Views Inc. v. Studio 21, Ltd.*, **797 F.2d 538 (7th Cir. 1986).**

Accordingly, the Court **ADOPTS** Magistrate Judge Proud's Report and Recommendation in its entirety (Doc. 31). Pursuant to the report, the Court **GRANTS** defendants' motion (Doc. 19) and **DISMISSES** Williams' case **WITH PREJUDICE**. The Clerk of Court shall enter judgment accordingly. The case is now closed.

       **IT IS SO ORDERED.**

       **DATED December 18, 2009.**

                                       **s/ Michael J. Reagan**
                                       **MICHAEL J. REAGAN**
                                       **United States District Judge**

---

[1] At the time of the service of the report, the changes in the Federal Rules changing the method of counting time frames less than 11 days and other time frames had not gone into effect. Additionally, the new 14-day period for objecting to a magistrate judge's report and recommendations had also not gone into effect.